## Case No. 17,387a.

### In re WELLS.

[2 Hayw. & H. 187.] [1]

Circuit Court, District of Columbia. May 18, 1855. [2]

CONDITIONAL PARDONS—POWER OF PRESIDENT—CAPITAL CRIMES—COMMUTATION TO LIFE IMPRISONMENT—USE OF PENITENTIARY.

1. The president of the United States has the power to grant a conditional pardon for a capital offence.

2. That the penitentiary, although especially for the purposes enumerated in the statutes, yet as it was built by and under the control of

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

[2] [Affirmed in 18 How. (59 U. S.) 307.]

the United States, the president has the right to use it for the purpose of imprisonment, when the sentence has been commuted from hanging to imprisonment for life.

At law. For a writ of habeas corpus.

It appears that the petitioner was convicted of murder at the December term of the criminal court, 1851, and was sentenced to be hung for murder April 23d, 1852, on which day the president of the United States granted him a pardon, upon the condition that he be imprisoned during his natural life. Wells, in the conclusion of his petition, says: "Being duly informed by counsel, learned in the law, that the said pardon is absolute and the condition invalid, he prays that the writ of habeas corpus may issue to bring him before the court, and if it is found that his confinement is illegal and contrary to law, he may be discharged from his imprisonment."

Mr. Jones, for petitioner.
Mr. Key, for the United States.

Mr. Jones alluded to a similar case in Pennsylvania, but said authorities might be found in the statutes or in precedents at common law, but he contended that the president of the United States had nothing to guide him but the constitution and laws of the republic.

Mr. Key contended that the president of the United States has power to commute the sentence of death to imprisonment for life.

THE COURT, through MORSELL, Circuit Judge, pronounced the following decision:

After reviewing the arguments which had been presented and citing various authorities, said that the president of the United States has the power to grant a conditional pardon, as in this case, for a capital offence. If he had succeeded in showing that the president possessed this power the penitentiary of all others would seem to be the most suitable place.

It had been argued that the penitentiary was for persons convicted of offences punishable with imprisonment and labor under the laws of the United States, or of the District of Columbia. Although the penitentiary is principally for the purpose of punishment in enumerated cases as therein prescribed, yet as it was built by the United States, and is in charge of United States officers, paid by the United States, and of course is under the government and control of the United States he supposed, as the president, on whom the pardoning power is conferred by the constitution, has the right to commute punishment in capital cases, he has a right, as a sequence, to use the penitentiary for that purpose. Therefore the application must be discharged; it could not be sustained; the habeas corpus must be refused, and Wells will remain in the penitentiary.

[On appeal to the supreme court, the decree of this court was affirmed. 18 How. (59 U. S.) 307.]